**FILED**
**AUG 2 8 2008**
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY J. AGUIRRE, )
2500 6th Ave., #608 )
San Diego, CA 92103, )
) Civil Action No.
Plaintiff, )
)
v. )
) Case: 1:08-cv-01503
CHRISTOPHER COX ) Assigned To : Huvelle, Ellen S.
in his official capacity as ) Assign. Date : 8/28/2008
Chairman of the Securities and Exchange Commission ) Description: Employ. Discrim.
100 F Street, N.E. )
Washington, D.C., 20549 )
)
)
Defendant. )
)

**JURY ACTION**

# COMPLAINT FOR AGE DISCRIMINATION IN FEDERAL EMPLOYMENT

## I. Nature of the Claim

1. Plaintiff alleges that the Securities and Exchange Commission (SEC) terminated his employment on September 2, 2005, in willful violation of the Age Discrimination in Employment Act of 1967 (ADEA) in part because he had previously asserted his rights under the ADEA and because of his age.

2. Plaintiff claims relief in the form of reinstatement, back pay, and other compensation.

## II. Jurisdiction and Venue

3. The Court has jurisdiction over this action pursuant to 29 USCS § 633a.

4. Venue lies in this Court because defendant employed plaintiff in the District of Columbia.

### III. Description of the Parties

5. Plaintiff is a male citizen of the United States and a resident of the State of California. At all times relevant to this case, plaintiff was employed by defendant as a Senior Counsel.

6. Defendant Christopher Cox is the Chairman of the SEC, an entity of the United States Government. He is named and sued in his official capacity as head of the agency as required by 29 USCS § 633a.

### IV. Statement of the Facts

7. Plaintiff was employed by Defendant SEC as a Senior Counsel in the Division of Enforcement ("Enforcement") from September 7, 2004, through September 2, 2005.

8. Plaintiff's supervisors consistently found his performance and conduct met or exceeded all applicable SEC standards for his position.

9. On November 1, 2004, plaintiff's immediate supervisor, Branch Chief Charles Cain (Cain), met with him to discuss his performance and conduct pursuant to the SEC's Performance Management Program, adopted by the SEC pursuant to Chapter 43 of Title 5 of the U.S. Code. Cain informed plaintiff that his performance and conduct "obviously" satisfied all SEC criteria for his position.

10. On June 1, 2005, plaintiff's immediate supervisors, Assistant Director Mark Kreitman (Kreitman) and Branch Chief Robert Hanson (Hanson), met with him to discuss his performance and conduct pursuant to the SEC's Performance Management Program. Kreitman and Hanson informed plaintiff that his performance and conduct satisfied all SEC criteria for his position. Kreitman certified plaintiff's conduct met or exceeded all requirements for his position as stated in SEC Form 2494, "Critical Elements and Acceptable Standards," adopted by the SEC pursuant to its Performance Management Program.

11. On June 14, 2005, Kreitman and Hanson again met with him to review in detail his work on the single investigation he had been conducting under their supervision. Kreitman stated that he sometimes gave his own personal award (his "Perry Mason" award) to his subordinate staff for excellent work; he described three levels of this award; he then gave plaintiff the highest form of this award for his work on the investigation plaintiff was conducting, stating that he was unsure whether he had ever previously given that award to any staff member.

12. Because Kreitman certified that plaintiff's performance met all applicable SEC standards for the 2004-2005 cycle, plaintiff qualified under the SEC's Performance Management Program for a merit rating increase for the 2005-2006 cycle.

13. On June 29, 2005, Hanson prepared his evaluation of plaintiff's 2004–2005 performance as a step in plaintiff's merit rating review process. Hanson certified that plaintiff made "contributions of high quality" in accomplishing the SEC's mission and goals. Hanson provided his evaluation to the SEC Enforcement Compensation Committee ("Committee"), the committee charged with the responsibility for evaluating the performance of attorneys within the SEC's Division of Enforcement pursuant to the SEC's Performance Management Program, such as plaintiff.

14. Plaintiff is informed and believes, and thereon alleges, that Kreitman agreed with Hanson's positive evaluation of plaintiff's performance and conduct and forwarded both, in accordance with established SEC policy and practice, to the Committee for a determination whether plaintiff's 2004-2005 performance warranted a merit rating increase for the 2005-2006 cycle.

15. The Committee, comprised of high level Enforcement officials including plaintiff's third-level supervisor Paul Berger (Berger), determined on July 18, 2005, that plaintiff's performance warranted a two-step merit rating increase.

16. Between July 18 and July 27, 2005, plaintiff's fourth level supervisor, the Director of the Division of Enforcement, Linda Thomsen (Thomsen), approved plaintiff's two-step merit rating increase after consulting with Hanson and Kreitman,.

17. On August 18, 2005, defendant Cox approved plaintiff's two-step merit rating increase.

18. On August 21, 2005, the SEC's Human Resources Office issued a notice approving plaintiff's two-step merit rating increase. From that day forward, Defendant SEC included the two-step pay raise in plaintiff's compensation.

19. Eleven days after defendant SEC approved plaintiff's two-step merit rating increase, Thomsen, Berger, Kreitman and Hanson acted in concert with staff of the Office of the General Counsel (OGC) on September 1, 2005, to terminate plaintiff's employment on one day's notice while he was on vacation thousands of miles away.

20. Plaintiff is informed and believes, and thereon alleges, as set forth in paragraphs 21 and 22, that the SEC unlawfully terminated plaintiff's employment for two unlawful reasons.

21. Plaintiff has filed an appeal before the Merit Systems Protection Board alleging that certain senior SEC officials terminated plaintiff's employment in part because he disclosed gross mismanagement, gross waste of funds, and abuse of authority by senior SEC officials in willful violation of 5 U.S.C.S. §1221 and 5 U.S.C.S. § 2302(b)(8).

22. Plaintiff is informed and believes, and thereon alleges, that certain senior SEC officials, including staff from the SEC's Office of the General Counsel (OGC), also terminated

plaintiff's employment in willful violation of 29 U.S.C.S. § 633, because he engaged in protected activities to enforce his rights under the ADEA and because of his age.

23. Plaintiff is informed and believes, and thereon alleges, that senior SEC officials, including senior staff of the OGC, actively suppressed, concealed, altered, and destroyed evidence demonstrating the SEC's willful violations of the ADEA in order to prevent plaintiff from discovering the true facts. Plaintiff did not begin to discover the concealed facts until the United States Senate released its report, *The Firing of an SEC Attorney and the Investigation of Pequot Capital Management*, on August 3, 2007. Plaintiff has continued, and is continuing, to discover the true facts since the Senate released its report on plaintiff's discharge.

24. Plaintiff is informed and believes, and thereon alleges, that senior SEC officials discriminated in willful violation of the ADEA against plaintiff by terminating his employment and by replacing him with younger staff members.

## V.  **Exhaustion of Remedies**

25. Plaintiff timely contacted an EEO Counselor on September 12, 2005, within the 45 days of his September 2, 2005, termination.

26. On September 14, 2005, Plaintiff served written notice on the EEOC of his intent to file a civil action against the SEC for willful violations of 29 U.S.C. 633a of the ADEA.

## **CLAIM FOR RELIEF**

27. Plaintiff incorporates paragraphs 1-24 above as if set forth herein in full.

28. Because of plaintiff's age and as a reprisal for his previous activities to enforce his rights under the ADEA, the SEC terminated plaintiff's employment in a position in which he was functioning at a high level of performance.

**PRAYER FOR RELIEF**

Wherefore, plaintiff requests that the Court:

a) Declare that defendant has discriminated in willful violation of the ADEA;

b) Enjoin defendant from further acts of discrimination or retaliation against plaintiff;

c) Order defendant to reinstate plaintiff to the position he would have held absent discrimination, with appropriate back pay, raises and other compensation;

d) Award plaintiff damages in the sum of approximately $500,000 to compensate him for injuries caused by defendant through the filing of this complaint;

e) Award plaintiff damages incurred hereafter and in the future in a sum that will compensate him for injuries caused by defendant;

f) Award plaintiff attorney fees and costs; and

g) Award plaintiff all other legal and equitable relief to which he may be entitled by the evidence.

**JURY DEMAND**

Plaintiff demands a jury for all claims triable to the jury.

Respectfully Submitted,

Dated, August 28, 2008

                                                                                   _____
Gary Aguirre
2500 Sixth Avenue, Unit 608
San Diego, CA 92103
619-501-7301
*pro se*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Gary Aguirre

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Gary Aguirre
2500 Sixth Avenue, Unit 608
San Diego, CA 92103
619-677-3334

## DEFENDANTS

Christopher COC, as Chairman,
Securities and Exchange Commission

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-01503
Assigned To : Huvelle, Ellen S.
Assign. Date : 8/28/2008
Description: Employ. Discrim.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U S Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 2 U S Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ⊙ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act
**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ☒ H. *Employment Discrimination* | ○ I. *FOIA/PRIvACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

The cause of action arises under 29 USC 633 which prohibits discrimination based on age in the federal sector. Plaintiff seeks damages for his discharge.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23   DEMAND $ $1,750,000   Check YES only if demanded in complaint  JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)   YES ☒  NO ☐  If yes, please complete related case form

DATE  August 28, 2008   SIGNATURE OF ATTORNEY OF RECORD  [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States

   III.   CITIZENSHIP OF PRINCIPAL PARTIES This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

   IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

   VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.