**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **GARY J. AGUIRRE,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | ) **Civil Action No. 08-1503 (ESH)** |
|  | ) |
| **MARY L. SHAPIRO,** | ) |
| **Chairman, Securities and Exchange** | ) |
| **Commission,** | ) |
|  | ) |
| **Defendant.** | ) |
|  | ) |

## MEMORANDUM ORDER

Before the Court is defendant's Motion For Protective Order and Motion to Stay October

5, 2009 Order Until Entry of Protective Order ("Def.'s Mot."). For the reasons stated herein, the

Court will grant defendant's motion for a protective order in part and will deny defendant's

motion for a stay as moot.

During an October 2, 2009 conference call, the Court ordered the parties to complete

initial disclosures on or before December 1, 2009. Prior to that date defendant proposed a

protective order pertaining to documents it planned to produce. (Pl.'s Mem. in Opp'n to Def.'s

Mot. for Protective Order and Mot. to Stay Oct. 5, 2009 Order Until Entry of Protective Order

["Pl.'s Opp'n"] at 1.) Plaintiff agreed to the entry of a protective order and the majority of the

terms proposed by defendant, but the parties disagreed as to a number of issues. (*Id.*) Further

briefing led to concessions by both parties, leaving four issues for the Court to decide.

### 1.  Invocation of Securities Laws and Regulations

Plaintiff maintains that defendant's introduction to its proposed protective order unnecessarily designates documents as "protected by the Securities Act of 1933" and other securities statutes and regulations, thereby raising concerns that defendant is threatening plaintiff with criminal sanctions.  (Pl.'s Opp'n at 2-3.)  Plaintiff argues that such language has a "chilling effect" on his free speech and improperly limits his ability to speak with the media and Congress. (*Id.* at 3.)  Defendant responds that such language is necessary to protect the "names of individuals and companies under investigation, strategic decisions, and . . . work performed [by the Securities and Exchange Commission ("SEC")]."  (Def.'s Reply at 4-5.)  To address defendant's concern, plaintiff states that he will agree to "redact from any document he provides to Congress all personal information regarding [third party] applicants, including their name, address, phone number, and social security number," as well as "any reference to or description of [internal applicants'] work while employed by the SEC."  (Pl.'s Notice of Filing of Revised Proposed Protective Order ["Pl.'s Sur-Reply"] at 2, 3.)

There is "no First Amendment right of access to information made available only for purposes of trying [a] lawsuit."  *Seattle Times v. Rhinehart*, 467 U.S. 20, 32 (1984).  As such, plaintiff has no First Amendment right to discuss or share protected information he receives as a function of pretrial discovery, although nothing in the order restricts him from disseminating that same information if he obtains it outside of the discovery process.  However, the Court disagrees with defendant's argument that "[w]ithout a protective order that specifically invokes the relevant securities laws . . . that information cannot be disclosed to plaintiff and could impede efficient resolution of this case."  (Def.'s Reply at 5.)  The terms of the protective order, including when and how plaintiff is permitted to use information designated as protected, do not

change if the language at issue is removed from the introduction.  Moreover, if information

disclosed by defendant to plaintiff is independently protected by securities laws and regulations,

those protections apply irrespective of any reference to those statutes in the protective order.

Nothing prevents the government from enforcing those restrictions in the event of plaintiff's

unauthorized disclosure of information.  As such, the protective order will not include

defendant's proposed introductory language regarding applicable securities laws and regulations.

### 2.  Description of Protected Documents

Plaintiff disagrees with defendant's proposed language stating that material protected by

the order "may include . . . information, including the identity of third parties, the disclosure of

which would be likely to expose a party or person to annoyance, embarrassment or oppression,

as such terms are used in Section 26(c) of the Federal Rules of Civil Procedure and cases

construing that provision; and nonpublic information regarding Commission investigations or

other internal Commission matters."  (Pl.'s Opp'n at 3-4.)  Plaintiff maintains that such language

goes "well beyond the letter or spirit of the authorities the SEC cites," is overly broad, and would

restrict Plaintiff's right to speak and his counsel's right to address the Court during oral

argument.  (*Id.* at 4.)  Defendant responds that this language simply "acknowledges the potential

scope of protected information." (Def.'s Reply at 5-6.)

The Court disagrees with plaintiff's assertion that the language proposed by defendant

would restrict his right to speak or his counsel's right to address the Court, as proposed

paragraph 4(a) makes clear that information protected by the order may be communicated to and

discussed with "the Court and its Clerk and other support personnel."  However, the language at

issue simply identifies information that "may" be protected by the order, not information that is

always protected.  Regardless of whether such language is included in the order, the government

can designate as protected any information it wishes, and plaintiff may challenge those

designations if he chooses.  Because removing this language from the order does not prevent

defendant from designating the types of information described as protected or change plaintiff's

obligations regarding information so designated, the Court will not include it in the order.

### 3.   Vacation of Restrictions by Designating Party

Plaintiff takes issue with defendant's proposed language suggesting that "[a]ny specific

part or parts of the restrictions imposed by this protective order may be terminated at any time by

a letter from counsel for the designating party or by an Order of the Court," arguing that it

"allows the SEC unilaterally to terminate 'restrictions' imposed by the Court's Order rather than

to withdraw its own designation of particular documents as 'protected.'" (Pl.'s Opp'n at 6-7.)

However, the language at issue appears to apply equally to both parties, permitting a party that

designates information as protected to lessen the restrictions on its use, not add to them.  No

party would have the ability to remove restrictions from information that the other party

designates as confidential.  Given that the language provides both parties with the flexibility to

resolve potential disputes without Court involvement, the Court will include the language in the

order.

### 4.   Congressional Disclosure

Plaintiff proposes additional language in the order allowing him to disclose otherwise

"protected" information to members of Congress or their staff.  (Pl.'s Opp'n at 7.)  He contends

that such language is necessary to protect his First Amendment rights as well as his right to

petition Congress under the Lloyd-Lafollette Act, 5 U.S.C. § 7211.  (*Id.*)  He argues that

defendant's proposed order would "prohibit" his communications with Congress.  (*Id.* at 8.)

Defendant responds that this type of provision is not standard and risks disclosure of confidential

third party information.  (Def.'s Reply at 3-4.)  Defendant also notes that there is no pending

congressional inquiry into plaintiff's non-selection claim, and that if Congressional interest in

plaintiff's claims develops, members of Congress can request documents from defendant

directly.  (*Id.* at 4.)  Plaintiff concedes that third-party information should be protected and states

that he will agree to "redact from any document he provides to Congress all personal information

regarding [third party] applicants, including their name, address, phone number, and social

security number" as well as "any reference to or description of [internal applicants'] work while

employed by the SEC."  (Pl.'s Sur-Reply at 2-3.)

In deciding whether to restrict the use of information obtained during pretrial discovery,

the Court must determine that there is "good cause" to do so.  *E.E.O.C. v. Nat'l Children's Ctr.*,

*Inc.*, 98 F.3d 1406, 1411 (D.C. Cir. 1996).  Here, the Court finds that the defendant has

demonstrated that good cause exists for restricting the use of discovery—namely, the protection

of privacy and proprietary interests of the parties as well as third-party individuals.  (Def.'s Mot.

at 2.)  Plaintiff, who has not even seen the discovery materials he seeks to disclose, has proffered

no reason that he should be able to divulge potentially sensitive information not only to members

of Congress, but also to their staff.  Nothing in defendant's proposed order impedes plaintiff's

ability to communicate with members of Congress and provide them with information that does

not fall within the scope of the protective order.  Accordingly, the Court will not include

plaintiff's proposed paragraph 13 in the protective order.

## **CONCLUSION**

For the reasons discussed above, the Court grants defendant's motion for a protective order in part.  The parties are ordered to jointly submit to the Court a protective order consistent with the Court's determinations forthwith by December 30, 2009.  The status hearing previously scheduled for January 8, 2010, is vacated, and a new status conference is scheduled for January 14, 2010, at 10:00 a.m.  On or before January 7, 2010, the parties shall jointly submit a proposed scheduling order, including dates for the exchange of initial disclosures and the filing of an amended complaint, similar to the outdated Order issued by the Court on October 5, 2009.


_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge


DATE:  December 22, 2009